WITTMANN, Appellant, vs. BERGER, Respondent.

*September 14—October 3, 1905.*

*Appeal and error: Findings of referee, when disturbed.*

A finding of a referee, confirmed by the court, not against the clear preponderance of the evidence, will not be disturbed on appeal.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *Turner, Pease & Turner,* and oral argument by *W. J. Turner.*

For the respondent there was a brief by *Austin, Fehr & Gehrz,* and oral argument by *W. H. Austin.*

WINSLOW, J. The plaintiff brought action for an accounting, claiming that he had been for a number of years a partner with the defendant in a manufacturing business in Milwaukee, doing business under the name of the Berger Bedding Company. The defendant admitted that prior to Jan-

uary, 1896, the plaintiff had an interest in the profits of the business, but alleged that this interest terminated by agreement at the date named, and that since that time the plaintiff had been employed by him as a traveling salesman only, and admitted that he owed the plaintiff the sum of $2,304.93 for salary and commissions earned but not drawn. The issues were referred for trial to a referee, who found the facts to be substantially as contended by the defendant; and these findings were confirmed by the court and a money judgment entered for the plaintiff for the amount due. The plaintiff appeals, and claims that the finding to the effect that the partnership or profit-sharing interest of the plaintiff was terminated in January, 1896, is contrary to the clear preponderance of the evidence. Careful reading of the evidence convinces us that the findings might well have been in accordance with the plaintiff's contention. There are facts which point in that direction quite persuasively. But there certainly is testimony supporting the finding, and we find ourselves unable to say that it is against the clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.